## ELLISON *v.* WHITE.

RUSSELL, Chief Justice. 1. In view of the allegations in the answer as amended, as to the circumstances under which the transfer was signed, and that the contract of assignment was ambiguous and was not intended by the parties to bind the defendant to refrain from engaging in the business of photography in Hall County for the period named in the original contract, the court erred in sustaining the demurrers to the paragraphs of the answer relating to the meaning of the transfer contract.

2. The court erred also in sustaining the demurrers to the paragraphs of the answer alleging want of consideration for the transfer.

3. The errors specified above rendered nugatory the subsequent proceedings in the case.  *Judgment reversed. All the Justices concur.*

ATKINSON, J., concurring specially. Construing the contract of assignment most strongly against the assignee, who prepared it, the contract does not bind the assignor not to engage in the business in question in Hall County for a period of ten years.

No. 10676. NOVEMBER 14, 1935.

*Sam S. Harben* and *Boyd Sloan,* for plaintiff in error.
*Wheeler & Kenyon,* contra.

RUSSELL, C. J., concurring specially. In the syllabus above, I have endeavored to express the opinion of the majority of the court. For myself, I agree that the judgment should be reversed for the reason stated in the second paragraph, that the court erred in sustaining the demurrers to the parts of the answer alleging want of consideration for the transfer. However, I am of the opinion that the ruling of the Supreme Court when this case was formerly here (*Ellison* v. *White,* 178 *Ga.* 680, 173 S. E. 713), was a holding that the contract of assignment was unambiguous, and it thus became the law of this case. Unless the judge of the superior court held the contract of transfer to be unambiguous, he could not properly have restrained or even temporarily enjoined the defendant from prosecuting the business upon which he entirely depended for a livelihood.